IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) <br> OF THE UNITED STATES OF AMERICA ) <br> FOR AN ORDER AUTHORIZING THE ) <br> INSTALLATION AND USE OF A PEN ) <br> REGISTER AND A TRAP AND TRACE ) <br> DEVICE AND CALLER ID, SUBSCRIBER ) <br> INFORMATION AND OTHER RECORDS ) <br> AND, CELL SITE INFORMATION ) | Docket No. MISC-07-231 <br> UNDER SEAL <br> **FILED** <br> WILKES BARRE <br> SEP 1 1 2007 <br> MA... ...NDREA, CLERK <br> Per_____ <br> DEPUTY CLERK |

### AMENDED APPLICATION

Francis P. Sempa, an Assistant United States Attorney of the United States Department of Justice, Middle District of Pennsylvania, hereby applies to the court for an order authorizing the installation and use of a pen register and trap and trace[1] on the communications facility known as the cellular telephone bearing telephone number 570-590-1620 (ESN # 354512017296852), subscribed to in the name of Frackville Coin Company, 149 South Third Street, Frackville, PA, and utilized by Michael Stockunas (hereinafter referred to as "target communications facility"), and in support thereof states as follows:

1. Applicant is an "attorney for the Government" as defined in Rule 54(c) of the Federal Rules of Criminal Procedure, and, therefore, pursuant to Sections 3122 and 2703(c) of Title 18, United States Code, may apply for an order (1) authorizing the installation and use of a pen register and a trap and trace device, and (2) directing telecommunications carriers and/or providers of wire or electronic communication services to disclose certain information as

---

[1] Applicant has been informed that the process used in some companies to trace the originating number is the use of a billing edit for the terminating number (the number receiving the call). This process is often referred to as a terminating billing edit or a terminating edit. Therefore, in this application, the reference to trap and trace device shall include the process known as a terminating billing edit or terminating edit.

requested herein, or otherwise related to the on-going criminal investigation.

2. Applicant certifies that the United States Drug Enforcement Administration and the Pennsylvania State Police are conducting a criminal investigation into alleged violations of 21 U.S.C. section 846, relating to conspiracy to distribute controlled substances by Michael Stockunas; violations of 18 U.S.C. Sections 1956 and 1957, relating to money laundering, and violations of 18 U.S.C. Section 1955, relating to an illegal gambling business; that it is believed by investigators that the subject of the investigation is using the target communications facility in connection with these offenses; that there are specific and articulable facts that the information sought is relevant and material to an ongoing criminal investigation; that controlled placing of wagers by a confidential informant, controlled purchases of illegal drugs, and pen register data show that Michael Stockunas during the previous five months has used the target communications facility to illegally accept wagers on sports events, and to arrange methamphetamine transactions; and that the information likely to be obtained from a pen register and/or a trap and trace is relevant to the ongoing criminal investigation, in that it is believed the information will help identify drug customers, sources of supply and other persons involved with Stockunas in the alleged unlawful trafficking in controlled substances, as well as associates involved in the money laundering and illegal gambling aspects of Stockunas' organization.

3. Applicant requests that the Court issue an order authorizing the installation and use of a pen register and trap and trace device anywhere within the United States on the target communications facility to record or decode dialing, routing, addressing, or signaling information transmitted by the target communications facility, and to capture the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and

signaling information reasonably likely to identify the source of a wire or electronic communication, for a period of 60 days, provided, however, that such information shall not include the contents of any communication.

4. The applicant further requests, pursuant to Title 18, United States Code, Sections 3124, that the order direct AT&T Wireless, Cingular Wireless, Cellco Partnership DBA Verizon Wireless, Verizon Wireless, and any other telecommunications carrier and/or provider of wire or electronic communication services to furnish forthwith to the United States Drug Enforcement Administration and/or Pennsylvania State Police all of the information, facilities, and technical assistance necessary to accomplish the installation and use of a pen register and/or a trap and trace device <u>unobtrusively</u> and with a minimum of interference with the services of the person or party with respect to whom the installation and use is to take place.

5. The applicant further requests, that the results of the trap and trace device shall be furnished to the United States Drug Enforcement Administration and/or Pennsylvania State Police upon request, or otherwise at reasonable intervals during regular business hours for the duration of the order.

6. With regard to the requirement of Section 3121(c) of Title 18 that the United States Drug Enforcement Administration and Pennsylvania State Police use technology reasonably available to it that restricts the recording or decoding of electronic or other impulses to the dialing, routing, addressing, and signaling information utilized in the processing and transmitting of wire or electronic communications so as not to include the contents of any wire or electronic communications, your applicant is not aware of any such technology.

7. The applicant further requests, pursuant to Title 18, United States Code, Sections 2703

(d), and pursuant to the All Writs Act, Title 28, United States Code, Section 1651 (a), that AT&T Wireless provide the United States Drug Enforcement Administration and/or Pennsylvania State Police with call detail information, to include cell site location information for the target communications facility for the duration of the Court's Order, and a listing of all cell sites and control channels and the physical address of each cell site for the areas in which the target communications facility are operating.

8. The applicant further requests, because it is necessary to advance the purposes of this investigation, that AT&T Wireless shall take steps to prevent the termination of service to target communications facility pursuant to its established non-termination procedures. In accordance with its non-termination procedures, if an attempt is made to terminate service to target communications facility, AT&T Wireless shall notify the United States Drug Enforcement Administration and/or Pennsylvania State Police about the attempted termination by 12 noon (local time) on the next business day. The United States Drug Enforcement Administration and/or the Pennsylvania State Police shall be obligated to pay all usage charges incurred on target communications facility after the attempted termination until (1) it instructs AT&T Wireless in writing to proceed with the termination of service to target communications facility or (2) the expiration of the intercept authorized by the Court's Order and all extensions thereof, whichever comes first. In the event that AT&T Wireless receives a subsequent subpoena, search warrant, order, or other legal process seeking information about target communications facility, and the non-termination procedures prevent AT&T Wireless from complying with such other process, AT&T Wireless, if it can not obtain an extension of time for compliance with such process, may refer any other law enforcement agency to the United States Drug Enforcement Administration

4

and/or Pennsylvania State Police for further information. AT&T Wireless' actions in taking steps to prevent termination of service pursuant to the Court's Order and AT&T Wireless' non-termination procedures shall not be a violation of the non-disclosure provisions of the Court's Order or any other Order previously issued by this Court or a Judge of this Court regarding the target communications facility or this investigation.

9. The applicant further requests, pursuant to Title 18, United States Code, Section 2703(d), and pursuant to the All Writs Act, Title 28, United States Code, Section 1651 (a), directing AT&T Wireless, and any other telecommunications carrier and/or provider of wire or electronic communications services, upon request of the applicant or the United States Drug Enforcement Administration and/or Pennsylvania State Police, to disclose the subscriber information of all telephone numbers identified by the pen register and trap and trace device; the name, address, length of service [including start date] and types of service utilized, telephone or instrument number or other subscriber numbers or identities on the same account, including any temporarily assigned network address, means and source of payment for such service [including any credit card or bank account number and usage minutes remaining if service is pre-paid], for the target communications facility and for all telephone or instrument numbers or other subscriber numbers or identities, identified by the use of a pen register and/or trap and trace device.

WHEREFORE, it is respectfully requested that the Court enter an order (1) authorizing, for a period of sixty (60) days, the installation and use of a pen register and trap and trace device, on the target communications facility, (2) directing AT&T Wireless, and any other telecommunications carriers and/or provider or wire or electronic communications services to

furnish forthwith to the United States Drug Enforcement Administration and Pennsylvania State Police all of the information, facilities and technical assistance necessary to accomplish the installation and use of a pen register and/or a trap and trace device, unobtrusively and with a minimum of interference with the services of the person or party with respect to whom the installation and use is to take place, (3) directing AT&T Wireless to provide the United States Drug Enforcement Administration and Pennsylvania State Police with the requested transaction records, (4) directing AT&T Wireless to take steps to prevent the termination of service to the target communications facility pursuant to its established non-termination procedures, (5) directing the telecommunications carriers and/or providers of wire or electronic communications services, to disclose the subscriber information for telephone numbers identified by the pen register and trap and trace device; the name, address, length of service [including start date] and types of service utilized, telephone or instrument number or other subscriber numbers or identities on the same account, including any temporarily assigned network address, means and source of payment for such service [including any credit card or bank account number and usage minutes remaining if service is pre-paid], for the target communications facility and for all telephone or instrument numbers or other subscriber numbers or identities, identified by the use of a pen register and/or trap and trace device, and (6) sealing this application and the Court's order.

      I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge.

s/ Francis P. Sempa
FRANCIS P. SEMPA
Assistant United States Attorney